UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                  **Plaintiff,**

           v.                                          3:18-CV-650
                                                              (FJS/DEP)

**MILAN D. MAHANEY,**

                  **Defendant.**
_____

**APPEARANCES**                                                   **OF COUNSEL**

**MANFREDI LAW GROUP, PLLC**          **JOHN S. MANFREDI, ESQ.**
302 East 19th Street
Suite 2A
New York, New York 10003
Attorneys for Plaintiff

**MILAN D. MAHANEY**                             **NO APPEARANCE**
113 Ridge Road
South Otselic, New York 13155
Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

      Pending before the Court is Plaintiff's motion, pursuant to Rule 55(b)(2) for entry of a default judgment in favor of Plaintiff and against Defendant. *See* Dkt. No. 8.

      Plaintiff personally served the summons and complaint in this action on Defendant on June 12, 2018. *See* Dkt. No. 4. Defendant neither answered nor otherwise appeared within the required time frame. Therefore, Plaintiff requested a Clerk's Entry of Default on July 9, 2018, *see* Dkt. No. 5, which the Clerk of the Court entered on July 10, 2018, *see* Dkt. No. 6. Plaintiff filed and served

the pending motion for entry of a default judgment on August 2, 2018.  *See* Dkt. No. 8.

Plaintiff seeks a default judgment against Defendant for damages of a sum certain.  *See* Dkt. No. 8-2, Affirmation of John Manfredi, Esq., at ¶ 11.  According to the complaint and the Certificate of Indebtedness from the United States Department of Education (the "DOE"), on or about July 1999, Defendant "executed master promissory note(s) to secure loan(s) (hereafter "loan") from the U.S. Department of Education.  The DOE disbursed the loan "for $3,500.00 on 09/01/99-01/13/00, $5,500.00 on 08/31/00-01/11/01, $4,000.00 on 09/01/99-01/13/00 and $4,120.00 on 08/31/00-01/11/01 at a variable rate of interest to be established annually."  *See* Dkt. No. 8-3, Certificate of Indebtedness.  The DOE demanded payment according to the terms of the note, and Defendant defaulted on the obligation on September 17, 2002.  *See id.*  The debt accrues interest at a rate of "3.28% per annum and a daily rate of $1.61 through June 30, 2018, and thereafter at such rate as [DOE] establishes pursuant to Section 455(b) of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087e."  *See id.*

In support of Plaintiff's motion for entry of a default judgment, DOE Loan Analyst Rhoda Terry submitted an affidavit, sworn on August 1, 2018, stating that DOE records showed that Defendant owed the following balances as of [August 1, 2018]:

> i. Certificate of Indebtedness: principal balance due of $17,980.02 plus accrued interest at the rate of 3.28% per annum from September 17, 2002 ("the default") less $26.87 received on November 9th, 2010 [and] $26.87 received on December 15th, 2010 ("the default").

*See id.* at ¶ 8.

## II. DISCUSSION

A.  **Default judgment standard**

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default. *See* Fed. R. Civ. P. 55(a) (providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"); N.D.N.Y. L.R. 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment of affirmative relief is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded"). Second, under Rule 55(b), the plaintiff may apply for entry of a default judgment by the clerk "[i]f the plaintiff's claim is for a sum certain" or by the court "[i]n all other cases." Fed. R. Civ. P. 55(b)(1), (2); N.D.N.Y. L.R. 55.2(b) (providing that "[a] party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a **clerk's certificate of entry of default** . . . a **proposed form of default judgment**, and a copy of the pleading to which no response has been made").

B.  **Liability**

By failing to answer the complaint, Defendant is deemed to have admitted the factual allegations in the complaint. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d

155, 158 (2d Cir. 1992) (noting that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability"). However, "before entering default judgment, the Court must review the Complaint to determine whether Plaintiff has stated a valid claim for relief." *Wells Fargo Bank, N.A. v. Barnes*, No. 3:16-CV-00533 (BKS/DEP), 2018 WL 6028050, *5 (N.D.N.Y. Nov. 16, 2008) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (other citation omitted).

The four elements necessary to establish a claim for the recovery of unpaid student loans are as follows: (1) "the defendant signed a promissory note to secure the loan"; (2) "the DOE issued the loan funds"; (3) "the defendant defaulted on the loan"; and (4) "the remaining amount due on the loan." *United States v. Thomas*, No. 16-CV-6076 (MKB), 2017 WL 2656123, *2 (E.D.N.Y. June 19, 2017) (citations omitted). In this case, Plaintiff has pled sufficient facts to establish that it is entitled to default judgment against Defendant for the unpaid amount of his student loan. Plaintiff alleged that Defendant executed the promissory note in July 1999, and that the DOE disbursed the loan funds. The DOE demanded payment, and Defendant defaulted on the loan on September 17, 2002. Thus, taking the factual allegations in the complaint as true, the Court concludes that Plaintiff has stated a claim for the recovery of a student loan debt.

**C.    Damages**

"[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id.* (citing Fed. R. Civ. P. 55(b)(2)) (other citations omitted). A hearing is not necessary where the record contains detailed affidavits and documentary evidence that enables the court to evaluate the proposed sum and determine an award of damages. *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (stating that "Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages"); Fed. R. Civ. P. 55(b)(2) (providing that "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter").

In this case, Plaintiff seeks principal in the amount of $17,980.02, accrued interest at the rate of 3.28% per annum from September 17, 2002, less $26.87 received on November 9, 2010, and $26.87 received on December 15, 2010, through the date of entry of judgment. In support of its application for an award of damages, Plaintiff relies on (1) the affidavit of Ms. Terry, a loan analyst with the DOE; (2) the affirmation of its attorney; and (3) the Certificate of Indebtedness that the DOE issued. *See* Dkt. Nos. 8-1, 8-2, 8-3. In her affidavit, Ms. Terry avers that DOE records show that Defendant is indebted in the aforementioned amount. *See* Dkt. No. 8-1. The Court, therefore, has a sufficient evidentiary basis for an award of damages as requested. *See United States v. Zdenek*, No. 10-CV-5566 (JS), 2011 WL 6754100, *2 (E.D.N.Y. Dec. 22, 2011) (holding that the Certificate of Indebtedness is sufficient for awarding damages (citations omitted)).

## III. CONCLUSION

Accordingly, having reviewed the entire file in this matter, Plaintiff's submissions, and the applicable law, and, for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for entry of a default judgment against Defendant, *see* Dkt. No. 8, is **GRANTED**; and the Court further

**ORDERS** that Clerk of the Court shall enter judgment in Plaintiff's favor against Defendant in the amount of $17,980.02 in unpaid principal plus accrued interest at the rate of 3.28% per annum[1] from September 17, 2002, less $26.87 received on November 9, 2010, and $26.87 received on December 15, 2010, through the date of entry of judgment.

**IT IS SO ORDERED.**

Dated: February 7, 2019
      Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge

---

[1] An interest rate of 3.28% per year on a principal amount of $17,980.02 yields an interest amount of approximately $1.61 per day: (0.0328 x $17,980.02)/365 # $1.61.